BARNES v. ANDERSON *et al.*

1. **Bill of review:** FACE OF RECORD. A bill of review, or in the nature of a bill of review, on the ground, claimed to be apparent on the face of

the record, that the decree complained of was rendered *pro confesso* without evidence is not sustained where it is recited in the decree that the cause was heard upon evidence.

2. —— PARTIES. In a bill to set aside a default and decree, other parties connected with the plaintiff by separate and unrelated equities cannot be joined with the defendant.

*Appeal from Johnson District Court.*

TUESDAY, JUNE 20.

PRACTICE: PARTIES, &C. — In May, 1857, Barnes executed to Anderson a title bond for a deed to ten acres of land, for which Anderson was to pay $100 cash, and the balance by September 15, 1857.

In 1864 Anderson (present defendant) brought a suit against Barnes to annul and cancel the title bond and notes, alleging, in substance, that Barnes was unable to make title, and a tender of the amount due on the notes, and a demand of a deed, which Barnes had refused to make, and praying, also, for a judgment for $100, which he had paid on the contract.

A decree was entered November 3, 1864, for the rescission of the contract, and for the $100 as prayed, a default having been entered against Barnes on the 25th day of October previous.

Anderson having issued execution on this recovery for the $100, Barnes commenced the *present action*, in December, 1864, "to" (in the language of his counsel), "review and set aside the decree in favor of Anderson, entered November 3, 1864." He prays that the "default may be opened up and set aside;" that he be allowed to defend the same as if he had not been defaulted; that the decree may be set aside, and, on final hearing, that Anderson be compelled to pay for said land on receiving a deed for the same, and meanwhile, that an injunction issue to restrain

proceedings under the execution issued in favor of Anderson for the $100.

Barnes claims as the ground of this application, in substance, that before he was defaulted his attorneys prepared an answer to Anderson's petition, and filed it with the clerk, but that the same was not marked " filed " by some accident, and was lost from the papers. It is also claimed that Anderson " procured his decree *pro confesso*, without evidence, when the allegation of his bill did not authorize such a decree."

Anderson's answer to this petition fully denied the material facts therein set up as the ground for the relief asked. An injunction was issued, which, on this answer and affidavit and counter-affidavit, was, on motion of Anderson, dissolved, and the correctness of the order of dissolution is one of the questions presented on this appeal.

Another question made, arises in this wise: Barnes, in his petition, admits that he has not the legal title to the ten acres which he agreed to sell to Anderson, and sets out the history of the title in detail, showing that while he (Barnes) is the *equitable* owner of the land, the legal title is in one Nehemiah Brooks, who, as well as Anderson, is made a party defendant; and the prayer is, that Brooks may, on final hearing, be ordered to convey the legal title to the said Barnes, so that he will be enabled to make a good title to Anderson.

On Anderson's motion, all that portion of the petition relating to Brooks was stricken out, to which Barnes excepted. This is the only other question presented to this court. Barnes appeals.

*J. D. Templin & Son* for the appellant.

*Fairall & Boal* for Anderson.

DILLON, J. — I. It is not a little difficult distinctly to characterize the nature of the action. Whether intended

as a bill of review for errors apparent on the record, or whether it is in the nature of a proceeding in *equity*, to open a default, if this be permissible, or a combination of the two, may admit of some doubt. But it is not material to the decision of the questions now before us.

The first question is : Did the court err in dissolving the

1. BILL OF REVIEW: face of record.

injunction? We think not. From the pleadings and the affidavits submitted, the court might reasonably conclude, as it doubtless did, that it was not satisfactorily shown that the answer of Barnes to Anderson's petition was, in fact, ever filed.

But looking at the proceeding as a bill of review or a bill in that nature, the appellant claims that error is apparent on the record, inasmuch as under our statute, a decree by default, or *pro confesso*, cannot be taken without evidence to support it, and in this case Anderson produced no such evidence. It is a sufficient answer to this position, if well founded, that the Anderson decree recites that the cause was heard upon the evidence; and upon examination we find that the allegations in the petition of Anderson, if true, fully justified the decree rendered. Barnes, in the present proceeding, admits that even yet he has not the ability to make Anderson a title, and cannot make him a title until he obtains relief against Brooks.

II. This brings us to the next question. There was no

2. —— par-ties.

error, certainly none in the stage of the proceedings at which it was done, in striking out the portion of the petition relating to Brooks. Barnes must first get rid of the Anderson decree or open the default and be permitted to defend. Surely *until* this is done, if, indeed, afterwards, Anderson is not to be embarrassed or his rights complicated with the *distinct, separate* and *unrelated* equities which the plaintiff may have against Brooks. No complicity, connection or confederation between Anderson and Brooks is alleged. It is not claimed by Barnes that Ander-

son is in any way responsible for Brooks' failure to make him a title.

Broad and liberal as are the provisions of the Revision respecting parties and proceedings, they are not sufficiently elastic to cover the wide departure from orderly method and legal propriety insisted upon by the appellant.

The orders appealed from are

Affirmed.